IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30505
Summary Calendar
_____


CARLA S. SANDERS,

                                    Plaintiff-Appellee,

                    versus

     CHARLES C. FOTI, JR., Etc.; ET AL,

                                    Defendants,

     RICHARD L. STALDER, Secretary of the
     Louisiana Department of Public Safety
      and Corrections, in his individual
                 capacity,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
    for the Eastern District of Louisiana
           USDC No. 99-CV-768-T
--------------------
          November 28, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Defendant Richard L. Stalder has filed an interlocutory appeal challenging the magistrate judge's denial of his qualified immunity defense to plaintiff Carla Sanders 42 U.S.C. § 1983 lawsuit. Stalder's defense was raised as a motion to dismiss the complaint for failing to state a claim upon which relief could be granted,

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to FED. R. CIV. P. 12(b)(6). Stalder contends that Sanders has failed to allege a violation of a clearly established constitutional right because no case law from this circuit states that the Secretary of the Department of Public Safety and Corrections can be held liable for a failure to release a prisoner through an improper time calculation if he is not personally involved with the calculation. Sanders's assertion that she was detained for nineteen days after she should have been released adequately alleges a claim of false imprisonment, which may be raised under the Fourth Amendment. See Sanders v. English, 950 F.2d 1152, 1159 (5th Cir. 1992). Her allegations that Stalder was a decision maker for the Department of Public Safety and Corrections, that he shut down the division that calculated good-time credits during an office move, and that he failed to establish a policy for continuing to calculate accumulated good-time credits during the shutdown adequately alleges a policy leading to the constitutional violation, which is sufficient to allege supervisory liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).

Stalder also alleges that Sanders has made conclusional allegations in her complaint that are unsupported by the record. He is incorrect; Sanders's allegations are drawn from the facts she has set forth in her complaint. This court is required to read those allegation in a light most favorable to Sanders. See Shipp v. McMahon, 234 F.3d 907, 911 (5th Cir. 2000). When this is done, Sanders has alleged a possible valid claim for relief. As a result, the judgment denying qualified immunity is AFFIRMED.